[J-81A-2025 and J-81B-2025] [MO: Donohue, J.]

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 90 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 373 MDA |
| | : | 2023 dated March 19, 2024 |
| v. | : | Reversing and Remanding the |
| | : | Order of the Bradford County |
| | : | Court of Common Pleas, Criminal |
| SCOTT LEE SUTTON, | : | Division, at No. CP-08-CR- |
| | : | 0000613-2022 dated February 8, |
| Appellant | : | 2023. |
| | : | |
| | : | ARGUED:  October 8, 2025 |
| | | |
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 104 MAP 2024 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court at No. 249 MDA |
| | : | 2023 entered on April 22, 2024, |
| v. | : | Reversing and Remanding the |
| | : | Order of the Bradford County |
| | : | Court of Common Pleas, Criminal |
| COREY MICHAEL STROPE, | : | Division, at No. CP-08-CR- |
| | : | 0000536-2022, entered on |
| Appellant | : | January 12, 2023 |
| | : | |
| | : | ARGUED:  October 8, 2025 |

**CONCURRING OPINION**

**JUSTICE BROBSON**                                        **DECIDED:  July 21, 2026**

I join the Majority opinion in full, as I agree with the Majority's determination that the Superior Court did not have jurisdiction over the Commonwealth's interlocutory appeals in these matters.  I write separately to reemphasize that this Court must stay consistently vigilant in matters of jurisdiction.  *See Commonwealth v. Arnett*,

353 A.3d 705, 724 n.4 (Pa. 2026) (Brobson, J., concurring and dissenting) ("The lack of clear subject matter jurisdiction of a lower court is an issue that this Court ought to opine on in order to dispose of an appeal.").

Today, the Majority aptly recognizes that "[j]urisdiction is a threshold question of law that must be answered before we can lawfully review the merits of the parties' claims." (Majority Op. at 11.) The Majority also correctly highlights that jurisdictional "delineations 'must be policed by the courts on their own initiative even at the highest level.'" (*Id.* at 12 (quoting *Bisher v. Lehigh Valley Health Network, Inc.*, 265 A.3d 383, 400 (Pa. 2021)).) This Court must police itself and the lower courts because "[a]ll Pennsylvania courts derive power or authority, and the attendant jurisdiction over the subject matter, from the Constitution and the laws of the Commonwealth." *Commonwealth v. Williams*, 129 A.3d 1199, 1205 (Pa. 2015) (alteration in original) (quoting *In re Bruno*, 101 A.3d 635, 659 (Pa. 2014)). For these reasons, the Majority correctly determined that, "when the law does not provide for our jurisdiction, we cannot proceed." (Majority Op. at 11 (citing Pa. Const. art. V, § 2(c)).) Indeed, "[w]hen courts lack jurisdiction, any decision rendered by that court lacking jurisdiction must be stricken as void ab initio." (*Id.* at 12-13 (citing *Bisher*, 265 A.3d at 400-01).) As such, this Court risks issuing advisory opinions if its, or a lower court's, jurisdiction is suspect, regardless of whether the parties or lower courts have addressed the jurisdictional matter or whether members of this Court have agreed to some kind of "protocol." *See Arnett*, 353 A.3d at 717 n.81 (Pa. 2026).

In the cases at hand, the Majority properly addressed jurisdiction, correctly analyzed the law thereon, and determined that the Superior Court lacked jurisdiction. Going forward, this Court must continue to exercise its "*duty* to determine whether [lower courts that have not addressed the question of jurisdiction] had jurisdiction before

deciding issues presented on appeal." (Majority Op. at 12 (emphasis added) (quoting *In re J.M.Y.*, 218 A.3d 404, 415 (Pa. 2019)).)